IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN CARLOS ORDONEZ-GARAY and GLORIA ORDONEZ,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>MICHAEL CHERTOFF, SECRETARY OF HOMELAND SECURITY, et al.,<br><br>　　　　　Defendants. | CV F 06-1835 AWI SMS<br><br>ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE<br><br>(Document #14) |

Plaintiffs are proceeding with a petition for writ of mandamus. Plaintiffs ask this court to compel employees of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and Bureau of Citizenship and Immigration Services to process Plaintiffs' applications and petitions. The court has jurisdiction over this mandamus action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361.

**BACKGROUND**

On December 19, 2006, Plaintiffs filed a complaint for writ of mandamus. The first claim for relief requests that the court order Defendants to provide Plaintiff Ordonez-Garay with his Alien File and his I-94 card pursuant to the Freedom of Information Act ("FIOA"). The second claim for relief requests that the court order Defendants to adjudicate Plaintiff Ordonez's I-130 petition for her husband, Plaintiff Ordonez-Garay.

On March 23, 2007, Defendants filed a motion to dismiss the petition as moot. Defendants contend that Plaintiffs' petition for writ of mandamus is now moot because Defendants have adjudicated the I-130 petition and provided all parts of Plaintiff Ordonez-Garay's Alien File that are not subject to certain exemptions.

On April 16, 2007, Plaintiffs filed an opposition.  Plaintiffs contend that Defendants failed to meet their burden on this motion to dismiss because they merely attached papers to the motion.  Plaintiffs also ask for the opportunity to amend their complaint.

On April 23, 2007, Defendants filed a reply.

## FACTS ALLEGED IN COMPLAINT

Plaintiff Jean Carlos Ordonez-Garay is a citizen of Venezuela.  Plaintiff Gloria Ordonez is a citizen of the United States.  Plaintiff Ordonez-Garay and Plaintiff Ordonez are married.

The complaint alleges that Plaintiff Ordonez-Garay entered the United States on or about November 22, 2000, seeking refuge in the United States following his escape from forced military recruitment in Venezuela.  The complaint alleges that at some time after November 22, 2000, an asylum officer was satisfied that Plaintiff Ordonez-Garay demonstrated a credible fear of persecution in Venezuela.  The complaint alleges that Plaintiff was issued advance parole documents, including an I-94 card.

The complaint alleges that as part of Plaintiff Ordonez-Garay's attempts to adjust his status, Plaintiff Ordonez-Garay needed a copy of his I-94 card to prove that he had been legally paroled into the United States.  The complaint alleges that because some of Plaintiff Ordonez-Garay's immigration records, including the I-94 card, were lost, Plaintiff Ordonez-Garay made a request under FOIA for his entire Alien File.  The complaint alleges that despite several requests, no file for Plaintiff Ordonez-Garay was ever provided.

The complaint alleges that on or about June 6, 2005, Plaintiff Gloria Ordonez filed an I-130 petition, along with a Request for Exemption Based on Bona Fide Marriage, and all appropriate documentation, in order to make Plaintiff Ordonez-Garay eligible for permanent

residence as her husband and the husband of a United States citizen.   The complaint alleges that despite the fact both Plaintiffs made themselves available for an interview, the petition has not been adjudicated.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), *rev'd on other grounds*, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction factually.  Mortensen, 549 F. 2d at 891.   Factual attacks on jurisdiction brought under Rule 12(b)(1) allow the court to look at evidence beyond the complaint.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).   Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003);  La Reunion Francaise SA v. Barnes, 247 F.3d 1022, 1026  n.2  (9th 2001); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).   In a

factual attack, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair, 880 F. 2d at 201. "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733.

## DISCUSSION

Defendants contend that this action for mandamus relief has become moot. Plaintiffs contend that Defendants' motion is legally insufficient because Defendants have simply attached papers to their motion. In addition, Plaintiffs contend that whether Plaintiff Ordonez-Garay has been given all pages of his Alien File to which he is entitled remains unclear. Finally, Plaintiffs state that they may wish to amend their complaint to seek a different writ of mandamus.

Article III of the United States Constitution requires the existence of a live case or controversy throughout all stages of federal judicial proceedings. LGS Architects, Inc. v. Concordia Homes of Nevada, 434 F.3d 1150, 1153 (9th Cir. 2006); Gator.Com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc). If there is no longer a possibility that a party can obtain relief, a claim is moot and must be dismissed for lack of jurisdiction. Center for Biological Diversity v. Lohn, –F.3d–, 2007 WL 1217738, *1 (9th Cir. 2007) Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003); Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999). This court has no jurisdiction to hear a case that cannot affect the litigant's rights. Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989).

A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). The court should dismiss a petition for a writ of mandamus that has become moot by subsequent events. See GATX/Airlog Co. v. U.S. Dist. Court for

Northern Dist. of California, 192 F.3d 1304, 1306 (9th Cir. 1999); Gomez v. U.S. Dist. Court for Northern Dist. of California, 966 F.2d 463, 464 (9th Cir. 1992); Application of Williams, 227 F.2d 727, 728 (9th Cir. 1956). A case is moot only if interim events have completely and irrevocably eradicated the effects of alleged improper conduct raised in the petition for writ of mandamus. See GATX/Airlog Co. v. U.S. Dist. Court for Northern Dist. of California, 192 F.3d at 1306; In Re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir.1997). If it appears that the court is without power to grant the relief requested, then a case is moot. Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991). The party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for a court to provide. GATX/Airlog Co., 192 F.3d at 1306.

When a case becomes moot, the court loses subject matter jurisdiction. As such, Defendants' motion to dismiss must be reviewed as a motion challenging this court's subject matter jurisdiction, as allowed for by 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the court may look to evidence outside the pleadings to decide whether the court has jurisdiction. In general, the plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen, 511 U.S. at 377. However, if a party seeks to dismiss an action for lack of subject matter jurisdiction based on evidence outside the pleadings, the moving party must rely on "affidavits or other evidence properly brought before the court" to show a lack of jurisdiction. Savage, 343 F.3d at 1040 n.2; St. Clair, 880 F.2d at 201. Only if affidavits or other evidence is provided does the burden shift to the plaintiff to furnish affidavits or other evidence necessary to "satisfy its burden of establishing subject matter jurisdiction." St. Clair, 880 F.2d at 201.

Plaintiffs contend that Defendants have failed in their initial burden on this motion by merely attaching documents to their pleadings. Attached to Defendants' motion is a copy of what appears to be portions of Plaintiff Ordonez's I-130 petition. The petition appears to have been stamped "APPROVED". Also attached to Defendants' motion is a copy of a notice of approval of relative immigrant visa petition. Attached to Defendants' reply is a letter written to

Plaintiff Ordonez-Garay's attorney that appears to be Defendants' response to Plaintiff Ordonez-Garay's FOIA request. This letter states that 1346 pages out of 1511 pages are being provided and explains why the remaining pages are exempt from the FOIA request.

Because Plaintiffs take the position that Defendants failed to meet their initial burden on the motion to dismiss for lack of subject matter jurisdiction, the court has no choice but to find that Defendants' evidence is not "properly before the court." Defendants offer no affidavits to support their position. The evidence Defendants do provide is not authenticated in any respect. Plaintiffs have not conceded and/or stipulated to the truth of Defendants' evidence. As such, the court finds that the documents attached to Defendants' pleadings cannot be considered because this evidence is not "properly before the court."

In their opposition, Plaintiffs state that they may wish to amend the complaint. Because the court is not dismissing the complaint at this time, it is unnecessary to give Plaintiffs a deadline by which they must filed an amended complaint. The court refers the parties to Rule 15 of the Federal Rules of Civil Procedure concerning any amended pleadings.

**ORDER**

Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

**Dated:   May 25, 2007**          /s/ Anthony W. Ishii
                                   UNITED STATES DISTRICT JUDGE