IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN CARLOS ORDONEZ-GARAY and GLORIA ORDONEZ,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>MICHAEL CHERTOFF, SECRETARY OF HOMELAND SECURITY, et al.,<br><br>　　　　　Defendants. | CV F 06-1835 AWI SMS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Documents #20 & #24) |

Plaintiffs are proceeding with a petition for writ of mandamus. Plaintiffs ask this court to compel employees of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and Bureau of Citizenship and Immigration Services to process Plaintiffs' applications and petitions. The court has jurisdiction over this mandamus action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361.

**BACKGROUND**

On December 19, 2006, Plaintiffs filed a complaint for writ of mandamus. The first claim requests that the court order Defendants to provide Plaintiff Ordonez-Garay with his Alien File and his I-94 card pursuant to the Freedom of Information Act ("FIOA"). The second claim requests that the court order Defendants to adjudicate Plaintiff Ordonez's I-130 petition for her husband, Plaintiff Ordonez-Garay.

On March 23, 2007, Defendants filed a motion to dismiss the petition for writ of mandamus was moot because Defendants have adjudicated the I-130 petition and have provided all parts of Plaintiff Ordonez-Garay's Alien File that are not subject to certain exemptions.  On April 16, 2007, Plaintiffs opposed Defendants' motion on the ground that Defendants' documents had not been authenticated.   On May 25, 2007, the court denied Defendants' motion without prejudice.  The court reasoned that Defendants had failed to meet their initial burden on the motion to dismiss because Defendants' evidence was not "properly before the court."

On July 3, 2007, Defendants filed a renewed motion to dismiss for lack of jurisdiction.  Defendants contend that because both claims for relief have been favorable resolved during the pendency of this lawsuit, this action is now subject to dismissal as moot.   Defendants provide evidence that Plaintiff's relative immigrant visa petition has been approved and is being forwarded to the National Visa Center.   Defendants also provide their response to Plaintiffs' FOIA requests, along with a declaration confirming that the provided response is a true and a complete copy of the agency's final action.

On August 8, 2007, Plaintiffs filed an opposition.   Plaintiffs contend that Defendants are in default because they have not timely filed a responsive pleading to the complaint.   In addition, Plaintiffs point out that they have not been given all documents in response to their FOIA requests.   Finally, Plaintiffs contend that they have not yet received a final visa, and Plaintiffs should not be forced to pay another filing fee to ensure that they timely receive a visa.

On August 14, 2007, Defendants filed a reply.

## FACTS ALLEGED IN COMPLAINT

Plaintiff Jean Carlos Ordonez-Garay is a citizen of Venezuela.  Plaintiff Gloria Ordonez is a citizen of the United States.   Plaintiff Ordonez-Garay and Plaintiff Ordonez are married.

The complaint alleges that Plaintiff Ordonez-Garay entered the United States on or about November 22, 2000, seeking refuge in the United States following his escape from forced military recruitment in Venezuela.   The complaint alleges that at some time after November 22,

2000, an asylum officer was satisfied that Plaintiff Ordonez-Garay demonstrated a credible fear of persecution in Venezuela. The complaint alleges that Plaintiff was issued advance parole documents, including an I-94 card.

The complaint alleges that as part of Plaintiff Ordonez-Garay's attempts to adjust his status, Plaintiff Ordonez-Garay needed a copy of his I-94 card to prove that he had been legally paroled into the United States. The complaint alleges that because some of Plaintiff Ordonez-Garay's immigration records, including the I-94 card, were lost, Plaintiff Ordonez-Garay made a request under FOIA for his entire Alien File. The complaint alleges that despite several requests, no file for Plaintiff Ordonez-Garay was ever provided.

The complaint alleges that on or about June 6, 2005, Plaintiff Gloria Ordonez filed an I-130 petition, along with a Request for Exemption Based on Bona Fide Marriage, and all appropriate documentation, in order to make Plaintiff Ordonez-Garay eligible for permanent residence as her husband and the husband of a United States citizen. The complaint alleges that despite the fact both Plaintiffs made themselves available for an interview, the petition has not been adjudicated.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal

jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), *rev'd on other grounds*, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction factually. Mortensen, 549 F. 2d at 891.  Factual attacks on jurisdiction brought under Rule 12(b)(1) allow the court to look at evidence beyond the complaint.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003);  La Reunion Francaise SA v. Barnes, 247 F.3d 1022, 1026  n.2  (9th 2001); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  In a factual attack, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair, 880 F. 2d at 201.  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733.

## DISCUSSION

The Mandamus and Venue Act of 1961 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 Mandamus is only available when (1) a plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) there is no other adequate remedy available.  Guerrero v. Clinton, 157 F.3d 1190 (9th Cir.1998); Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998).  Mandamus is an extraordinary remedy.  Patel, 134 F.3d at 931.

**A.  Request to Process Plaintiffs' I-130 Petition**

Defendants contend that this action for mandamus relief has become moot because Plaintiffs have received what they ask for in the complaint.  Article III of the United States Constitution requires the existence of a live case or controversy throughout all stages of federal judicial proceedings.  LGS Architects, Inc. v. Concordia Homes of Nevada, 434 F.3d 1150, 1153 (9th Cir. 2006); Gator.Com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128-29 (9th Cir.2005) (en banc).  The court has no power to decide cases that do not affect the rights of litigants in the case before them.  Defunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996).  "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 13523 (9th Cir. 1984).

If there is no longer a possibility that a party can obtain the relief requested in a complaint, a claim is moot and must be dismissed for lack of jurisdiction.  GTE California, Inc. v. Federal Communications Comm'n, 39 F.3d 940, 945 (9th Cir.1994). A case or controversy justifying declaratory relief exists only when the challenged activity, "by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." Center for Biological Diversity v. Lohn, 483 F.3d 984, 988 (9th Cir.2007); Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984).  (1983).  The court should dismiss a petition for a writ of mandamus that has become moot by subsequent events.  See GATX/Airlog Co. v. U.S. Dist. Court for Northern Dist. of California, 192 F.3d 1304, 1306 (9th Cir. 1999); Gomez v. U.S. Dist. Court for Northern Dist. of California, 966 F.2d 463, 464 (9th Cir. 1992); Application of Williams, 227 F.2d 727, 728 (9th Cir. 1956).  When a case becomes moot, the court loses subject matter jurisdiction.  As such, Defendants' motion to dismiss must be reviewed as a motion

challenging this court's subject matter jurisdiction, as allowed for by 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the court may look to evidence outside the pleadings to decide whether the court has jurisdiction.

Here, Defendants have provided evidence that Plaintiff Ordonez's I-130 petition has been approved. The petition has been forwarded to the National Visa Center. While not disagreeing that the I-130 petition was approved, Plaintiffs take the position that further obstacles may still be posed after approval of the petition but prior to an adjustment in Plaintiff Ordonez-Garay's status. Plaintiff's position is that if this court does not maintain jurisdiction, some unspecific harm may fall upon Plaintiffs while the petition is processed at other stages. An action fails on ripeness grounds when the complaint seeks to address contingent future events that may not occur as anticipated, or indeed may not occur at all. Texas v. United States, 523 U.S. 296, 300 (1998); Association of American Medical Colleges v. U.S., 217 F.3d 770, 778 (9th Cir.) 2000). Plaintiffs' request that the court maintain jurisdiction to ensure Defendants and others continue to correctly process Plaintiff's I-130 petition are not ripe for adjudication. Thus, Plaintiffs' arguments about future, possible delays in obtaining a visa are simply not ripe for adjudication.

**B.  FOIA**

Defendants contend that Plaintiffs' FOIA request is moot. Defendants provide a letter concerning Plaintiff Ordonez-Garay's FOIA request. This letter states that 1346 pages out of 1511 pages have been provided and explains why the remaining pages are exempt from the FOIA request. Because Defendants have provided most of the FOIA request, they claim this contention is also moot. Plaintiffs contend that their FOIA claim is not moot because Plaintiffs were not given everything they requested under FOIA.

Plaintiffs are seeking their FOIA requests through a mandamus action. Mandamus is an extraordinary remedy. Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir.1983). Mandamus cannot be used to serve the purpose of an ordinary suit, and it is limited to only issues where the duty to be performed is ministerial and the obligation to act peremptory, and plainly

1  defined. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931).   The availability
2  of an adequate alternative remedy precludes mandamus jurisdiction concerning FOIA requests.
3  Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986).   Mandamus to allow Plaintiffs to obtain
4  additional documents would permit them to circumvent the procedures established by FOIA to
5  obtain documents.   Thus, mandamus jurisdiction is lacking because Plaintiffs can resort to
6  FOIA to obtain the information they seek.

**ORDER**

Accordingly, the court ORDERS that:

    1.    Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED;

    2.    The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:**   October 3, 2007                              /s/ Anthony W. Ishii
                                                                            UNITED STATES DISTRICT JUDGE